Carolyn H. Cottrell (SBN 166977)
Esther L. Bylsma (SBN 264208)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com

*Attorneys for Plaintiff and the Class and Collective*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW DIXON, NICHOLAS PERRY, CHRISTOPHER RICHARDSON, ALEX TISKEVICH, and THAER ANAIM, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs,* <br><br> vs. <br><br> INTERCONTINENTAL CAPITAL GROUP, INC. and DOES 1 through 100, inclusive, <br><br> *Defendant.* | Case No. <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT FOR:** <br><br> **(1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.)** <br><br> **(2) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1);** <br><br> **(3) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510, 1194);** <br><br> **(4) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7, 512, 218.5, 218.6);** <br><br> **(5) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174, 1174.5);** <br><br> **(6) Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802);** <br><br> **(7) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);** <br><br> **(8) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).** <br><br> **DEMAND FOR JURY TRIAL** |

**<u>INTRODUCTION</u>**

1. Plaintiffs Drew Dixon, Nicholas Perry, Christopher Richardson, Alex Tiskevich, and Thaer Anaim (collectively "Plaintiffs") bring this class and collective action on behalf of themselves and other similarly situated individuals against Intercontinental Capital Group, Inc. ("ICG" or "Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and California wage and hour laws.

2. This action stems from Defendant's policies and practices of: (1) failing to pay minimum wage for all hours worked; (2) failing to pay all overtime wages owed; (3) failing to authorize and permit lawful meal and rest breaks, or premium wages in lieu thereof; (4) failing to provide reimbursements for business expenditures; (5) failing to provide true and accurate itemized wage statements; (6) failing to timely pay all wages due upon separation from employment; and (9) and engaging in unfair business practices.

3. The Collective members are people who are or who have been employed by Defendant as hourly, non-exempt employees in the United States at any time within the three years preceding the filing of this Complaint.

4. The Class members are people who are or who have been employed by Defendant in California at any time within the four years preceding the filing of this Complaint.

5. Plaintiffs seek damages, penalties, and interest to the full extent permitted by the FLSA, California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**<u>JURISDICTION AND VENUE</u>**

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §216(b) of the FLSA. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

7. The Court has personal jurisdiction over Defendant because Defendant does business in this District, and because many of the acts complained of and giving rise to the claims alleged

1   occurred in this District.

2       8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiffs

3   were employed in this District and the claims asserted arose in this District. At all material times

4   Defendant has been actively conducting business in the State of California and within the

5   geographic area encompassing the Central District of the State of California.

6   **PARTIES**

7       9.    Plaintiffs are all individuals over the age of eighteen, and at all times mentioned in

8   this Complaint were residents of the State of California.

9       10.    Plaintiff Drew Dixon was formerly employed by Defendant as a mortgage loan

10   officer. Drew Dixon's employment with Defendant lasted from approximately December 2019 to

11   January 2022. Drew Dixon worked for Defendant in Irvine, California.

12       11.    Plaintiff Nicholas Perry was formerly employed by Defendant as a mortgage loan

13   officer. Perry's employment with Defendant lasted from approximately August 2019 to January

14   2022. Perry worked for Defendant in Irvine, California.

15       12.    Plaintiff Christopher Richardson was formerly employed by Defendant as a mortgage

16   loan officer. Richardson's employment with Defendant lasted from approximately October 2019 to

17   April 2022. Richardson worked for Defendant in Irvine, California.

18       13.    Plaintiff Alex Tiskevich was formerly employed by Defendant as a loan officer.

19   Tiskevich worked for Defendant from approximately April 2019 to February 2021. Tiskevich

20   worked for Defendant in Irvine, California.

21       14.    Plaintiff Thaer Anaim was formerly employed by Defendant as a mortgage loan

22   officer. Anaim's employment with Defendant lasted from approximately October 2020 to April

23   2022. Anaim worked for Defendant in Irvine, California.

24       15.    Each of the Plaintiffs identified in ¶¶10-14 above consent to sue for violations of the

25   FLSA, pursuant to 29 U.S.C. § 216(b). Each Plaintiff's Consent to Join is attached hereto as Exhibit

26   A.

27       16.    Plaintiffs are informed, believe, and thereon allege that Intercontinental Capital

28   Group, Inc. is a corporation headquartered in Melville, New York. Defendant is licensed to provide

mortgage loans in 46 states. Defendant has office locations throughout the United States and employs hundreds of hourly, non-exempt workers similarly situated to Plaintiffs throughout the United States.

17.     Defendant is registered to do business in California, does business in California and employs and employed more than a hundred workers in California, including Plaintiffs and the Class members in California. Defendant may be served with process by serving its registered agent, Corporation Service Company, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, California 95833.

18.     Plaintiffs are informed, believe, and thereon allege that Defendant exercises control over Plaintiffs and Class and Collective members with respect to their employment.

19.     Plaintiffs and Class and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

20.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21.     Plaintiffs are informed, believe, and thereon allege that Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

22.     In addition to Plaintiffs, Defendant has employed numerous other employees who, like Plaintiffs, are hourly, non-exempt employees engaged in interstate commerce.  Further, Defendant is engaged in interstate commerce since it provides mortgage loans across state lines, conducts business deals with merchants across state lines, and processes loan transactions with banks in other states.

23.     Plaintiffs are informed, believe, and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant, and that said acts and failures to act were within the course and scope of Defendant's agency, employment and/or direction and control.

24.     At all material times, Plaintiffs and Class and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §

1   207.

2       25.   At all material times, Defendant has done business under the laws of California, has

3   had places of business in California, including in this county, and has employed Class and

4   Collective members in this county and elsewhere throughout California. Defendant is a "person" as

5   defined in Cal. Lab. Code § 18 and "employer" as that term is used in the FLSA, Cal. Lab. Code,

6   the IWC Wage Orders regulating wages, hours, and working conditions, and the Cal. Bus. & Prof.

7   Code § 17201.

8                                         **FACTUAL ALLEGATIONS**

9       26.   Plaintiffs are informed, believe, and thereon allege that Defendant is a direct lending

10   mortgage institution with employees spread across the United States, including in the State of

11   California. Defendant employs and has employed hundreds of hourly, non-exempt workers

12   similarly situated to Plaintiffs across the United States, and employs more than a hundred employees

13   in the State of California, including but not limited to mortgage loan officers, loan processors, retail

14   loan officers, producing branch managers, underwriters, loan officer assistants, escrow specialists,

15   and other employees with similar job duties.

16       27.   Plaintiffs worked for Defendant as mortgage loan officers in Irvine, California.

17   Plaintiffs' primary duties included but were not limited to initiating the mortgage process for

18   potential clients and preparing, analyzing, and verifying mortgage loan applications. Plaintiffs were

19   classified as hourly, non-exempt employees and earned hourly rates between $14 and $20, as well

20   as commission bonuses for closed and funded mortgage loans.

21       28.   Although Plaintiffs' shifts may vary in length, Plaintiffs usually worked eight (8) to

22   twelve (12) hours per shift, five shifts per week. Plaintiffs worked approximately forty (40) to sixty

23   (60) hours per week.

24       29.   As a matter of common policy and/or practice, Defendant regularly fails to pay

25   Plaintiffs and Class and Collective members at least minimum wage for hours worked.[1]  Defendant

26   regularly requires Plaintiffs and Class and Collective members to perform uncompensated and

27

28   ---
   [1] Although Plaintiffs are former employees, Class and Collective members include current and former employees. For
ease of discussion, the allegations herein are made in the present tense.

1  unrecorded work outside of scheduled shifts. Defendant expects and requires Plaintiffs and Class

2  and Collective members to constantly be on call to service the needs of current or potential clients.

3  At the same time, Defendants refuse to record this time as worked, and refuse to compensate

4  Plaintiffs and Class and Collective members earned wages at all for this work.

5       30.    Plaintiffs and Class and Collective members work numerous uncompensated hours

6  off-the-clock every week processing loans and speaking with clients. For example, Plaintiffs

7  estimate that they spent at least 2-3 hours every day speaking on the phone with clients off the clock.

8  Plaintiffs also consistently work through their meal periods (as further discussed below). Plaintiffs

9  and Class and Collective members consistently work sixty hours per week.  This time spent working

10  off-the-clock by Plaintiffs and Class and Collective members goes unrecorded and/or

11  uncompensated, and Plaintiffs and Class and Collective members do not receive earned wages for

12  this work, including their earned overtime wages.

13      31.    As a matter of common policy and/or practice, for any overtime work that Defendant

14  does record, Defendant fails to pay Plaintiffs and Class and Collective members their full earned

15  overtime wages because Defendant incorrectly calculates overtime wages using lower base hourly

16  rates instead of regular rates, as required by the FLSA and California law. Plaintiffs and Class and

17  Collective members earn commission bonuses based on any closed and funded client loans that they

18  procure. Defendant does not factor in commission bonus pay when calculating the regular rate for

19  Plaintiffs' and Class and Collective members' overtime payments.

20      32.    The relevant portion of the Loan Officer Compensation Addendum to Defendant's

21  Mortgage Loan Officer Employment Agreement clearly states "…if Employee exceeds 40 hours

22  (or 8 hours per day depending on state employment laws) in any week, s/he will receive an overtime

23  premium of 1.5 times the Regular Rate of pay for each hour worked in excess of 40 hours in the

24  week. The Regular Rate of pay is determined by dividing the total compensation applicable to the

25  pay period by the total hours worked." However, in contradiction to the language of Defendant's

26  own Employment Agreement, and in violation of the FLSA and California law, Defendant does not

27  factor in the "total compensation applicable to the pay period" when calculating Plaintiffs' and

28  Class and Collective members' regular rate because Defendant does not include the commission

1    bonuses when calculating said rate. This results in Defendant underpaying and withholding the

2    overtime wages earned by Plaintiffs and Class and Collective members.

3        33.    Plaintiffs are informed, believe, and thereon allege that Defendant utilizes the same

4    or substantially similar timekeeping and compensation practices and mechanisms throughout the

5    United States, including in California.

6        34.    As a matter of common policy and/or practice, Defendant regularly requires Plaintiffs

7    and Class members to work during meal and rest breaks. Defendant's policies, practices, and

8    procedures require Plaintiffs and Class members to constantly remain on-duty to procure loan

9    applications from potential clients and address the needs of current clients. This causes Plaintiffs

10   and Class members to incessantly work through their meal and rest breaks, or cut their meal and

11   rest breaks short, to speak to current or prospective clients. With respect to meal breaks, Defendant

12   adjusts Plaintiffs' and Class members' timesheets to  show that they took a timely 30-minute meal

13   break even when such breaks have been late or worked through entirely.

14       35.    As a result, Plaintiffs and Class members are not provided: duty-free, uninterrupted,

15   and timely thirty-minute meal periods during which they should be completely relieved of any duty,

16   by the end of the fifth hour of work, and/or no later than the end of an employee's 10th hour of

17   work; nor duty-free, uninterrupted, and timely ten minute rest breaks. Plaintiffs worked through

18   meal and rest breaks during an overwhelming majority of their shifts.

19       36.    Further, as a matter of common policy and/or practice, Defendant fails to provide

20   Plaintiffs and Class members with earned premium wages in lieu of compliant meal and rest periods.

21   Defendant incorrectly uses employees' hourly rates instead of their regular rates, as required under

22   the law, to calculate and provide premium payments in lieu of compliant meal periods, As

23   mentioned above, Defendant does not include commission bonuses when calculating the regular

24   rates of Plaintiffs and Class members. As a result, Defendant systematically underpays Plaintiffs

25   and Class members for their earned premium wages.

26       37.    Plaintiffs are informed, believe, and thereon allege that Defendant utilizes and applies

27   these meal and rest break policies and practices across all Defendant's facilities throughout

28   California.

CLASS AND COLLACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Dixon, et al. v. Intercontinental Capital Group, Inc.*

38.     Further, as mentioned above, Defendant requires Plaintiffs and Class and Collective members to clock out for thirty-minute meal periods that they must constantly work through.  This policy results in Plaintiffs and Class and Collective members working substantial time off-the-clock. Defendant's policy causes Plaintiffs and Class and Collective members to complete work for the benefit of Defendant without any compensation.

39.     Defendant's common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiffs and Class members.

40.     As a result of the aforementioned violations, Plaintiffs and Class members are provided with untrue and inaccurate wage statements as such statements do not reflect the correct amount of gross and net wages earned, nor the correct total hours worked by the employee.

41.     As a matter of common policy and/or practice, Defendant fails to provide Plaintiffs and Class members reimbursement for all necessary expenditures or losses incurred by Plaintiffs and Class members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendant. Defendant requires Plaintiffs and Class members to use their personal cell phones to maintain work-related communications with clients, potential clients, co-workers, and supervisors. Defendant does not reimburse Plaintiffs and Class members for any expenses related to their personal cell phones. Further, at the onset of the Covid-19 pandemic in March 2020, Plaintiffs and Class members began working full-time from home. Defendant requires Plaintiffs and Class members to utilize their own home internet for work-related functions yet does not reimburse Plaintiffs and Class members for any expenses related to their home internet use.

42.     Additionally, Plaintiffs and Class members do not receive all wages during employment and following separation from employment, including payment for time spent working off the clock and during meal periods, as well as premium wages for noncompliant meal and rest breaks.

43.     Class and Collective members are employed by Defendant and performed work materially similar to Plaintiffs.

44.     Class and Collective members perform their jobs under Defendant's supervision using materials and technology approved and supplied by Defendant.

45.     Class and Collective members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

46.     At the end of each pay period, Class and Collective members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

47.     Defendant's method of paying Plaintiff and Class and Collective members is willful and not based on a good faith and reasonable belief that their conduct complies with the FLSA and/or California law.

48.     Defendant's unlawful conduct has been widespread, repeated, and consistent among Defendant's employees.

49.     Defendant knows or should know that its policies and practices are unlawful and unfair.

50.     Defendant's conduct is willful, carried out in bad faith, and causes significant damages to employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

51.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

52.     Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals:

**All current and former hourly, non-exempt employees employed by Defendant Intercontinental Capital Group, Inc. in the United States any time starting three years prior to the filing of this Complaint until resolution of this action.**

53.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

54.     Plaintiffs are informed, believe, and thereon allege that Collective members have been denied compensation, including minimum wages and overtime wages, and would therefore likely join this collective action if provided a notice of their rights to do.

55.     Plaintiffs and the Collective members are similarly situated and Plaintiffs' and

Collective members' claims arise from a common nucleus of operative facts. Collective Members have substantially similar job duties and requirements. Like Plaintiffs, Defendant subjected Collective members to Defendant's common practices, policies, or plans that requires them to perform work without compensation in clear violation of the FLSA. Defendant required Collective Members to work for Defendant without paying them overtime wages, or at least minimum wages. When Defendant paid overtime wages, Defendant unlawfully paid overtime wages at the rate of one and one-half times the hourly rate rather than the regular rate. Defendant's failure to pay minimum wages or overtime wages as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

56.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

        a.   Defendant maintained common scheduling systems and policies with respect to Plaintiffs and Collective members, controlled the scheduling systems and policies implemented for Plaintiffs and Collective members, and retained authority to review and revise or approve the schedules assigned to Plaintiffs and Collective members;

        b.   Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and Collective members; and

        c.   Defendant maintained common payroll systems and policies with respect to Plaintiffs and Collective members, controlled the payroll systems and policies applied to Plaintiffs and Collective members, and set the pay rates assigned to Plaintiffs and Collective members.

57.     The similarly situated Collective members are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **RULE 23 CLASS ACTION ALLEGATIONS**

58.     Plaintiffs bring causes of action as a class action on behalf of themselves and the putative Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Class that Plaintiffs seek to represent is defined as follows:

> **All current and former employees of Defendant throughout California who worked for Defendant at any time during the time period starting four years prior to the filing of this Complaint until the resolution of this action (the "Class").**

59.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

d.     **Numerosity**: The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiffs are informed and believes that the number of Class Members exceeds 100. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

e.     **Commonality**: There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

i.     Whether Defendant fails to compensate Class members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Cal. Lab. Code and Wage Orders;

ii.     Whether Defendant has a policy and/or practice of requiring Class members to be in the control of Defendant, spend time primarily for the benefit of Defendant, and work for Defendant off-the-clock and without

1    compensation;

2    iii.    Whether Defendant fails to authorize and permit, make available, and/or

3    provide Class members with compliant meal and/or rest periods to which

4    they are entitled in violation of the Cal. Lab. Code and Wage Orders;

5    iv.    Whether Defendant fails to provide Class members with timely, accurate

6    itemized wage statements in violation of the Cal. Lab. Code and Wage

7    Orders;

8    v.    Whether Defendant fails to fully reimburse Class members with all

9    necessary business expenses incurred for the benefit of Defendant, in

10    violation of the Cal. Lab. Code;

11    vi.    Whether Defendant fails to timely pay Class members for all wages owed

12    upon termination of employment.

13    vii.    Whether Defendant violates Cal. Bus. & Prof. Code §§ 17200, *et seq*., by:

14    (a) failing to compensate Class members for all hours worked,

15    including at minimum wage and at overtime rate wage

16    compensation;

17    (b) failing to authorize and permit, make available, and/or provide

18    Class members with compliant meal and/or rest periods to which

19    they are entitled;

20    (c) failing to provide Class members with timely, accurate itemized

21    wage statements;

22    (d) failing to fully reimburse Plaintiffs and Class members for all

23    necessary business expenses made for the benefit of Defendant;

24    and

25    (e) fails to timely pay Plaintiffs and Class members for all wages

26    owed upon termination of employment.

27    viii.    The proper formula for calculating restitution, damages, and penalties

28    owed to Plaintiffs and the Class as alleged herein.

f.   **Typicality:** Plaintiffs' claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

g.   **Adequacy of Representation**: Plaintiffs are members of the Class, do not have any conflicts of interest with other Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

h.   **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

60.   The Class may also be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

61.   If each individual Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

62.   Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue

these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### Pursuant to 29 U.S.C. §§ 201, et seq.
### (On Behalf of the Collective)

63.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

64.    The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206(a)(1), 207(a)(1).

65.    At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

66.    Defendant is a covered employer required to comply with the FLSA's mandates.

67.    Defendant has violated the FLSA with respect to Plaintiffs and the Collective, by, *inter alia*, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

68.    Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

69.    Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

70.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and

1   the Collective are entitled to recover an award of liquidated damages in an amount equal to the

2   amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. §

3   216(b).

4      71.    Pay, including minimum wage and overtime compensation, has been unlawfully

5   withheld by Defendant from Plaintiffs and the Collective as a result of Defendant's violations of

6   the FLSA.  Accordingly, Defendant is liable for unpaid wages, together with an amount equal as

7   liquidated damages, attorneys' fees, and costs of this action.

8      72.    Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

9                    **SECOND CAUSE OF ACTION**
                         **Failure to Pay Minimum Wages**
10          **Pursuant Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1**
                             **(On Behalf of the Class)**
11

12     73.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

13   herein.

14     74.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and 1197, and the

15   Minimum Wage Order were in full force and effect, and required that Defendant's hourly

16   employees receive the minimum wage for all hours worked irrespective of whether nominally paid

17   on a piece rate, or any other basis, at the rate of eleven dollars ($11.00) per hour commencing

18   January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the

19   rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars

20   ($14.00) commencing January 1, 2021; and at the rate of fifteen dollars ($15.00) commencing

     January 1, 2022.

21     75.    Cal. Lab. Code §1194 states:

22        Notwithstanding any agreement to work for a lesser wage, any employee receiving
          less than the legal minimum wage or the legal overtime compensation applicable to
23        the employee is entitled to recover in a civil action the unpaid balance of the full
          amount of this minimum wage or overtime compensation, including interest thereon,
24        reasonable attorney's fees, and costs of suit.

25     76.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an

26   employee is subject to the control of an employer and includes all the time the employee is suffered

27   or permitted to work, whether or not required to do so."

28     77.    Cal. Lab. Code §1194.2 provides that, in any action under Section 1194 to recover

1    wages because of the payment of a wage less than minimum wage fixed by an order of the

2    commission, an employee shall be entitled to recover liquidated damages in an amount equal to the

3    wages unlawfully unpaid and interest thereon.

4    78.    Cal. Lab. Code §1197.1 provides statutory penalties which may be recovered "in

5    addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to

6    Section 1194.2, and any applicable penalties imposed pursuant to Section 203," which "shall be

7    paid to the affected employee."

8    79.    Defendant has maintained policies and procedures which create a working

9    environment where hourly employees are routinely compensated at a rate that is less than the

10   statutory minimum wage.  Plaintiffs and Class members routinely work time off-the-clock without

11   compensation for this time. For instance, Plaintiffs and Class members are not compensated for

12   time spent working during meal breaks that Defendant requires them to clock out during, or for time

13   spent speaking with clients and processing loans after clocking out at the end of their shift.

14   80.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant,

15   Plaintiffs and Class members have been deprived of minimum wages in an amount to be determined

16   at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon,

17   attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

18   81.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

19                      **THIRD CAUSE OF ACTION**
                       **Failure to Pay Overtime Wages**
20                   **Pursuant to Cal. Lab. Code §§ 510, 1194**
                            **(On Behalf of the Class)**
21

22   82.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

23   herein.

24   83.    Defendant does not compensate Plaintiffs and Class members with the appropriate

25   overtime rate, as required by California law.

26   84.    Cal. Lab. Code § 510 provides, in pertinent part, that:

27   Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in
     one workday and any work in excess of 40 hours in any one workweek and the first
     eight hours worked on the seventh day of work in any one workweek shall be
28   compensated at the rate of no less than one and one-half times the **regular rate of pay**
     for an employee. Any work in excess of 12 hours in one day shall be compensated at

the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

85.     The IWC Wage Order 4-2001(3)(A)(1) states:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's **regular rate of pay** for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's **regular rate of pay** for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

86.     Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

87.     Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, **commission** basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

88.     Defendant regularly does not compensate Plaintiffs and Class members for their overtime hours. For instance, Plaintiffs and Class members do not receive overtime compensation for time spent working off-the-clock after their shift or for time spent working during noncompliant meal periods when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

89.     Further, when Defendant does issue overtime wages, Defendant incorrectly uses employees' hourly rates instead of their regular rates to calculate and pay overtime as required by the California law. In addition to wages based on their hourly rate, Plaintiffs and Class members earn commission bonuses based on any closed and funded client loans that they procure. Defendant does not factor in commission bonus pay when calculating the regular rate for Plaintiffs' and Class members' overtime payments.

90.     Plaintiffs and Class members work overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

91.     Defendant has knowingly and willfully refused to perform its obligation to provide Plaintiffs and Class members with premium wages for all overtime work.  As a proximate result of the aforementioned violations, Defendant has damaged Plaintiffs and Class members in amounts to be determined according to proof at time of trial.

92.     Defendant is liable to Plaintiffs and Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

93.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**
**Pursuant to Cal. Lab. Code §§ 226.7 and 512**
**(On Behalf of the Class)**

94.     Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

95.     Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Orders require Defendant to authorize and permit meal and rest periods to its employees.

96.     Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Order prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

97.     Cal. Lab. Code § 226.7 and the applicable Wage Order require employers to provide

ten (10) minutes net rest time per four (4) hours or major fraction thereof to its employees. During these rest periods, an employer must relieve employees of all duties during rest breaks and relinquish any control over how employees spend their break time. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required rest period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

98.    Defendant routinely fails to authorize, permit and/or make available complaint meal and rest periods to Plaintiffs and Class members.

99.    Defendant's policies, practices, and procedures require Plaintiffs and Class members to constantly remain on-duty to procure loan applications from potential clients. This causes Plaintiffs and Class members to incessantly work through their meal and rest breaks, or cut their meal and rest breaks short, to speak to current or prospective clients. Plaintiffs worked through meal breaks and did not take rest breaks during an overwhelming majority of their shifts.

100.    Further, with respect to meal breaks, Defendant adjusts Plaintiffs' Class members' timesheets to  show that they took a timely 30-minute meal break even when such breaks have been late or worked through entirely. As a result, Plaintiffs and Class members are not provided: duty-free, uninterrupted, and timely thirty-minute meal periods during which they should be completely relieved of any duty, by the end of the fifth hour of work, and/or no later than the end of an employee's 10th hour of work; nor duty-free, uninterrupted, and timely ten minute rest breaks.

101.    Defendant regularly fails to provide Plaintiffs and Class members with requisite wages for the work during meal periods, and Defendant regularly fails to provide premium wages for missed meal and rest breaks as required under the law.

102.    When Defendant does pay premium wages for missed meal breaks, Defendant incorrectly uses employees' hourly rates instead of their regular rates, as required under the law. As mentioned above, Defendant does not include commission bonuses when calculating the regular rates of Plaintiffs and Class members. As a result, Defendant systematically underpays Plaintiffs and Class members for their earned premium wages.

103.    Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiffs and Class members the ability to take the meal and rest periods to which they are entitled.

104.    Therefore, pursuant to Cal. Lab. Code § 226.7(b), and §§218.5 and 218.6, Plaintiff and Class members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

105.    As a proximate result of the aforementioned violations, Plaintiffs and Class members have been damaged in an amount according to proof at time of trial.

106.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Cal. Lab. Code §§ 226, 1174, 1174.5**
**(On Behalf of the Class)**

107.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

108.    Defendant does not provide Plaintiffs and Class members with accurate itemized wage statements as required by California law.

109.    Cal. Lab. Code § 226(a) provides that:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

110.    The IWC Wage Orders also establishes this requirement.  (*See* IWC Wage Orders 4-

1  2001(7).)

2      111.    Cal. Lab. Code § 226(e) provides:

3      An employee suffering injury as a result of a knowing and intentional failure by an
       employer to comply with subdivision (a) is entitled to recover the greater of all actual
4      damages or fifty dollars ($50) for the initial pay period in which a violation occurs and
       one hundred dollars ($100) per employee for each violation in a subsequent pay
5      period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is
       entitled to an award of costs and reasonable attorney's fees.

6
       112.    Defendant does not provide timely, accurate itemized wage statements to Plaintiffs
7
and Class members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders.  The
8
wage statements Defendant provides its employees, including Plaintiffs and Class members, do not
9
accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages
10
earned, including minimum wages and overtime. In addition, the wage statements Defendant
11
provides do not include premium wages for missed meal or rest periods.

12      113.    Defendant also has failed to maintain records of hours worked by Plaintiffs and Class
13
members are required under Labor Code §1174(d).

14      114.    Defendant is liable to Plaintiffs and the Class members for damages and/or civil
15
penalties, under Labor Code §§226(e) and 1174.5.  Furthermore, Plaintiffs are entitled to an award
16
of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e). Plaintiffs and
17
Class members are also entitled to injunctive relief requiring Defendant to comply with Labor Code
18
§§226(a) and 1174(d).

19      115.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

20                              **SIXTH CAUSE OF ACTION**
                     **Failure to Reimburse for Necessary Business Expenses**
21                        **Pursuant to Cal. Lab. Code § 2802**
                                **(On Behalf of the Class)**
22
       116.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth
23
herein.
24
       117.    Cal. Lab. Code § 2802 provides:
25
       An employer shall indemnify his or her employee for all necessary expenditures or
26     losses incurred by the employee in direct consequence of the discharge of his or her
       duties, or of his or her obedience to the directions of the employer, even though
27     unlawful, unless the employee, at the time of obeying the directions believed them to
       be unlawful. … For the purposes of this section, the term "necessary expenditures or
28     losses" shall include all reasonable costs, including, but not limited to, attorney's fees
       incurred by the employee enforcing the rights granted by this section.

118.     Defendant fails to provide Plaintiffs and Class members reimbursement for all necessary expenditures or losses incurred by Plaintiffs and Class members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendant. Defendant requires Plaintiffs and Class members to use their own personal cell phones to maintain work-related communications with clients, co-workers, and supervisors.

119.     Further, at the onset of the Covid-19 pandemic in March 2020, Plaintiffs and Class members began working full-time from home. Defendant requires Plaintiffs and Class members to utilize their own home internet for work-related functions yet does not reimburse Plaintiffs and Class members for any expenses related to their home internet use.

120.     Wherefore, Plaintiffs and Class members request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Waiting Time Penalties
### Pursuant to Cal. Lab. Code §§ 201-203
### (On Behalf of the Class)

121.     Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

122.     Defendant does not provide Class Members with their wages when due under California law after their employment with Defendant ends.

123.     Cal. Lab. Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

124.     Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

125.     Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

126.     Plaintiffs and some of the Class members left their employment with Defendant

1   during the statutory period, at which time Defendant owed them unpaid wages. These earned, but

2   unpaid, wages derive from time spent working for the benefit of Defendant off-the-clock and during

3   missed or interrupted meal and rest periods.

4       127.    Defendant willfully refused and continue to refuse to pay Plaintiffs and Class

5   members all the wages that are due and owing to them for the work performed and the resulting

6   premium payments for missed or interrupted meal and rest periods upon the end of their

7   employment, as well as overtime compensation and missed meal premiums that did not correctly

8   factor in Plaintiffs' and Class members' regular rate of pay.  As a result of Defendant's actions,

9   Plaintiffs and Class Members have suffered and continue to suffer substantial losses, including lost

10  earnings, and interest.

11      128.    Defendant's willful failure to pay Plaintiffs and Class members the wages due and

12  owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendant is liable

13  to Plaintiffs and proposed Class members for all penalties owing pursuant to Cal. Lab. Code §§

14  201-203.

15      129.    In addition, addition, Cal. Lab. Code § 203 provides that an employee's wages will

16  continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiffs and

17  Class members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

18      130.    Wherefore, Plaintiffs and Class members request relief as hereinafter provided.

19                          **EIGHTH CAUSE OF ACTION**
                  **Violation of Cal. Bus. & Prof. Code §§ 17200,** *et seq.*
20                          **(On Behalf of the Class)**

21      131.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

22  herein.

23      132.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or

24  fraudulent business acts or practices.

25      133.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts

26  or practices to prosecute a civil action for violation of the UCL.

27      134.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously

28  enforce minimum labor standards in order to ensure employees are not required to work under

1   substandard and unlawful conditions, and to protect employers who comply with the law from those

2   who attempt to gain competitive advantage at the expense of their workers by failing to comply

3   with minimum labor standards.

4        135.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years

5   prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by

6   the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described

7   in this Complaint, including, but not limited to:

8           a.   violations of Cal. Lab. Code § 1194 and IWC Wage Orders 4-2001 pertaining to

9             payment of wages, including minimum wage, for all hours worked;

10           b.   violations of Cal. Lab. Code § 510 and IWC Wage Orders 4-2001 pertaining to

11             overtime;

12           c.   violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Orders 4-2001

13             pertaining to meal and rest breaks;

14           d.   violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage

15             statements;

16           e.   violations of Cal. La. Code § 2802 pertaining to reimbursement of business

17             expenditures; and

18           f.   violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all wages owed

19             during employment and following separation from employment.

20        136.    The violations of these laws and regulations, as well as of the fundamental California

21   public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal.

22   Bus. & Prof. Code §§ 17200, *et seq*.

23        137.    The acts and practices described above constitute unfair, unlawful, and fraudulent

24   business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. §§ 17200, *et*

25   *seq*.  Among other things, the acts and practices have taken from Plaintiffs and the Class members

26   wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage

27   over law-abiding employers and competitors.

28        138.    Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or

CLASS AND COLLACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Dixon, et al. v. Intercontinental Capital Group, Inc.*

1    judgments as may be necessary to prevent the use or employment by any person of any practice

2    which constitutes unfair competition.   Injunctive relief is necessary and appropriate to prevent

3    Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged

4    above.

5         139.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs

6    and Class members have suffered a loss of money and property, in the form of unpaid wages, which

7    are due and payable.

8         140.    Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in

9    interest any money or property which may have been acquired by means of such unfair competition.

10   Plaintiffs and Class members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203

11   for all wages and payments unlawfully withheld from employees during the four-year period prior

12   to the filing of this Complaint.   Plaintiffs' success in this action will enforce important rights

13   affecting the public interest and, in that regard, Plaintiffs sue on behalf of himself as well as others

14   similarly situated.   Plaintiffs and Class members seek and are entitled to unpaid wages, declaratory

15   and injunctive relief, and all other equitable remedies owing to them.

16        141.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

17        142.    There is a financial burden involved in pursuing this action, the action is seeking to

18   vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by

19   forcing them to pay attorneys' fees from any recovery thereof.   Attorneys' fees are appropriate

20   pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

21        143.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

22                            **PRAYER FOR RELIEF**

23        **WHEREFORE**, Plaintiffs, on behalf of the Class and Collective members, request the

24   following relief:

25        1.      For an order certifying that the First Cause of Action in this Complaint may be

26                maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt

27                notice of this action be issued to potential members of the Collective, apprising them

28                of the pendency of this action, and permitting them to assert their FLSA claims;

2.   Designation of Plaintiffs as Representatives of the Collective;

3.   For an order equitably tolling the statute of limitations for the potential members of the Collective;

4.   For an order certifying the Second to Eighth Cause of Actions in this Complaint as a class action;

5.   Designation of Plaintiffs as Class Representatives and their counsel as Class Counsel;

6.   Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

7.   For a declaratory judgment that Defendant violated the FLSA, California Labor Code, California law, and public policy as alleged herein;

8.   For a declaratory judgment that Defendant violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

9.   For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

10.  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

11.  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

12.  For an order awarding Plaintiffs and putative Class and Collective members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and putative Class and Collective members, together with interest on these amounts according to proof;

CLASS AND COLLACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Dixon, et al. v. Intercontinental Capital Group, Inc.*

13.     For an order awarding Plaintiffs and putative Class and Collective members penalties pursuant to the FLSA, California Labor Code, and the laws of the State of California, with interest thereon;

14.     For an order awarding reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

15.     For all costs of suit;

16.     For interest on any penalties awarded, as provided by applicable law;

17.     For injunctive relief requiring Defendant to correct its unlawful practices; and

18.     For such other and further relief as this Court deems just and proper.


Dated: September 16, 2022                    Respectfully Submitted,

                                             *Esther Lee Bylsma*

                                             Carolyn H. Cottrell
                                             Esther L. Bylsma
                                             **SCHNEIDER WALLACE**
                                             **COTTRELL KONECKY LLP**
                                             *Attorneys for Plaintiffs, Collective, and the Class*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.


Dated: September 16, 2022                    Respectfully Submitted,

                                             *Esther Lee Bylsma*

                                             Carolyn H. Cottrell
                                             Esther L. Bylsma
                                             **SCHNEIDER WALLACE**
                                             **COTTRELL KONECKY LLP**
                                             *Attorneys for Plaintiffs, Collective, and the Class*

CLASS AND COLLACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Dixon, et al. v. Intercontinental Capital Group, Inc.*